STATE ex EDWARDS v CAMPBELL et
STATE ex STAHL v CAMPBELL et
STATE ex CLEVELAND v CAMPBELL et

Ohio Appeals, 1st Dist, Hamilton Co

Decided April 12, 1937

Wilbur Apking, Cincinnati, Leslie Cors, Cincinnati, and Robert Hair, Cincinnati, for relators.

Ragland, Dixon & Murphy, Cincinnati, for respondents.

## OPINION

By THE COURT

These cases present the same question and are, therefore, considered together.

The relators, Thornton Edwards and others, seek reinstatement to the position of janitors in the court house, from which they were discharged by the respondents, C. R. Campbell and others, on January 20, 1937.

These are original actions in this court, and relators ask for writs of mandamus to compel the County Commissioners of Hamilton County, Ohio, the respondents herein, to reinstate each of them to the position of court house janitor, from which they have been removed.

· They allege that they were provisionally appointed on the 14th day of October, 1936, and served until January 20, 1937, when they were discharged; that the position is in the classified service; that at the time of their provisional appointment there was no eligible list for the position of janitor from which to make permanent appointments; that there is none at the present time and that their dismissal was without authority of law and in violation of their rights.

The relators did not appeal their dismissal to the Civil Service Commission, as provided by §486-17a, GC, and took no steps under the civil service statutes to protect their rights. Relators' claims are based on the provisions and protection afforded by the civil service statutes and they must, therefore, look to the statutes for the relief in case of · a violation of their rights thereunder. They were notified of their dismissals, and given the effective date of their removals. Under the statutes, they could and should have appealed to the Civil Service Commission within ten days from and after the date of their removal.

The writ of mandamus will not lie where there is a plain and adequate remedy in the ordinary course of law. To entitle the relators to the relief sought, they must affirmatively show they were without remedy at law. This, in the light of the statutes, they could not do, as the statutes afforded them complete remedy by way of appeal to the commission, as provided therein.

The writs prayed for must, therefore, be denied.

Writs denied.

ROSS, PJ, HAMILTON and MATTHEWS, JJ. concur.